FILED

NOT FOR PUBLICATION

FEB 21 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN PABLO RINCON-LOPEZ,

Defendant - Appellant.

No. 10-30251

D.C. No. 3:09-cr-05452-RJB-23

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Submitted February 6, 2012[**]
Seattle, Washington

Before: SCHROEDER, ALARCÓN, and GOULD, Circuit Judges.

Juan Rincon-Lopez ("Rincon-Lopez") appeals the district court's denial of

his motion to withdraw his guilty plea to Possession of Methamphetamine with

Intent to Distribute, in violation of 21 U.S.C. § 841.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

In order to withdraw a plea before sentencing, a defendant need only show a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005). Although this standard is generous and must be applied liberally, *United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011), a "change of heart" is not a fair and just reason for withdrawal of a plea, *United States v. Turner*, 898 F.2d 705, 713 (9th Cir. 1990).

On appeal, Rincon-Lopez contends that his appearing before the court for the plea colloquy so soon after being advised of the plea agreement, coupled with the failure of the court to advise him of a $100 assessment and of the possibility of prosecution for perjury should he lie, created confusion that led him not to understand the nature and consequences of his plea. He also contends that his lawyer improperly pressured him into pleading guilty.

As the district court observed, the defendant had adequate notice of the change of plea hearing and the transcript gives no indication of confusion, lack of understanding, or involuntariness. The court that heard the plea patiently endeavored to ensure that Rincon-Lopez understood the plea and its consequences. Rincon-Lopez does not contend that a proper instruction on perjury "could have at least plausibly motivated a reasonable person in [his] position not to have pled guilty." *Bonilla*, 637 F.3d at 986. Although the court did not refer to the $100

2

assessment at the plea hearing, the government did when it summarized, at the court's request, the elements of the offense and the penalties.

The district court did not err in concluding that Rincon-Lopez had not given a "fair and just" reason for withdrawing the plea. The record of the plea colloquy contradicts the reasons he did give.

**AFFIRMED**.